HEIRS OF GROESBECK ET AL. V. HEIRS OF A. R. BODMAN.

No. 2531.

**Administration—Deed—Authentication.** — A married woman in 1842 joined her husband in conveying land certificates then located and surveyed which were in part the separate property of her former husband and partly their community property. This she did after an order of the Probate Court had been entered closing her administration on the estate of her former husband, though an order had been entered during her administration turning the property over to her to be used and disposed of by her for the support of herself and children.   The wife was not examined privily and apart from her husband by the officer in taking her acknowledgment to the deed.   In a suit brought by the heirs of the woman and of her first husband to recover the land against those claiming under the deed, who had not been in possession but who had paid taxes on the land for over forty years, *held:*

1. The deed of the wife can not be regarded as one made by her as administratrix in pursuance of an order of court.

2. The deed having been made after the survey and location of the certificates, must be tested by the rules applicable to a conveyance of real estate.

3. The deed not having been acknowledged by the wife in accordance with the Act of February 8, 1841, conveyed no title to the interest of either the deceased husband or his widow.

APPEAL from Harris.   Tried below before Hon. James Masterson.

The opinion states the case.

*W. H. Crank* and *F. F. Chew,* for appellants.— 1. The order of the Probate Court of Harris County turning over the property to the widow Jane Bodman was made by a court of competent jurisdiction; the order was not void, and it could not be collaterally attacked; the land certificates were personal property, and the court had a right to make the

order, and a sale thereunder by the widow passed the title to the purchaser. Pleasants v. Dunkin, 47 Texas, 355; Evans v. Hardeman, 15 Texas, 480; Cox v. Bray, 28 Texas, 261; Poor v. Boyce, 12 Texas, 450, 451; Dancy v. Stricklinge, 15 Texas, 562–564; Howard v. Bennett, 13 Texas, 316; Toliver v. Hubbell, 6 Texas, 160; Davis v. Wells, 37 Texas, 606; Wells v. Polk, 36 Texas, 120; Burdett v. Silsbee, 15 Texas, 618; Alexander v. Maverick, 18 Texas, 179.

2. Land certificates are personal property and pass by delivery, even though located, if not located for the owner and not patented. Melton v. Turner, 38 Texas, 85; Sewall v. Laurance, 1 Texas Law Rep., 410.

3. The order to dispose of the personal property, the sale, and the compliance by the purchaser with the terms of the sale constitute an equitable title to the land certificates and the land surveyed by virtue of them sufficient to protect the purchaser without a deed from the administratrix. McBee v. Johnson, 45 Texas, 643; Bartlett v. Cocke, 15 Texas, 477–79; Sypert v. McCowen, 28 Texas, 635; Rock v. Heald, 27 Texas, 523.

4. The plaintiffs are estopped from denying title in defendants to the lands claimed by them. Dalton v. Rust, 22 Texas, 154; Jones v. Taylor, 7 Texas 242, 243; Kimbro v. Hamilton, 28 Texas, 568; Williams v. Chandler, 25 Texas, 11; Cravens v. Booth, 8 Texas, 249; Ranney v. Miller, 51 Texas, 269; Box v. Lawrence, 14 Texas, 556, 557; Parker v. Campbell, 21 Texas, 763; Satterwhite v. Rosser, 61 Texas, 173.

5. The demand of the plaintiffs is stale and should not prevail over the equitable claims of defendants, who also hold the legal title under Bigelow, who bought from the legal representative of the plaintiffs' ancestor. Vogelsang v. Dougherty, 46 Texas, 472; Parker v. Spencer, 61 Texas, 165; Hudson v. Jurnigan, 39 Texas, 579; Satterwhite v. Rosser, 61 Texas, 173.

*F. M. Poland,* for appellees. — 1. The court erred in its construction of the deed from Morey and wife as being sufficient at least to convey her half interest in certificate No. 309. Appellees claim that the deed was null for want of privy examination and did not convey anything. Hart. Dig., art. 173; 4 Texas, 61; 25 Texas, 148; 25 Texas Supp., 109; 22 Texas, 628; 12 Ohio St., 364; 26 Texas, 737; 8 Humph., 536; 28 Texas, 473; 66 Texas, 676; 67 Texas, 206.

2. Land certificates can not pass by delivery. 28 Texas, 170. After location they lose their character of personalty and represent the land. Shifflet et al. v. Morelle et al., 68 Texas, 382.

3. The land certificates having been located in July, 1841, eight months prior to date of deed, viz., March 15, 1842, in order to pass the title to them it was necessary that the deed which purports to convey

them should be properly acknowledged by Mrs. Morey; otherwise the deed is a nullity and does not convey anything.   Hart. Dig., art. 173; 4 Texas, 61; 25 Texas, 148; 25 Texas Supp., 109; 22 Texas, 628; 12 Ohio St., 364; 26 Texas, 737; 8 Humph., 536; 28 Texas, 532; 60 Texas, 473; 66 Texas, 676; 67 Texas, 206.

HOBBY, JUDGE.—Appellees as the heirs of Alfred Bodman, the sole heir of A. R. Bodman, brought this suit on the 6th February, 1885, to recover the land in controversy.

Two land certificates were issued by the board of land commissioners of Harrisburg County to A. R. Bodman, one for one-third of a league, or 1476 acres of land, in August, 1838, which it is conceded constituted a part of the separate estate of said Bodman.   A certificate was issued by the same authority to him on the —— day of May, 1839, for two-thirds of a league and one labor, which was the community property of himself and wife Jane Bodman.

On the 7th day of September, 1839, A. R. Bodman died, leaving a son, Alfred Bodman, the immediate ancestor of the plaintiffs, and his widow surviving him.   She filed an inventory of the estate in the Probate Court of Harris County, embracing therein the certificates, represented by receipts from one Wm. Hunt to Bodman, and was regularly appointed administratrix of his estate.

In January, 1841, the court by decree reciting that the property was wholly insufficient to pay the debts of the estate and inadequate to the support of the widow, turned the property inventoried over to her for the maintenance and support of herself and children, to be used and disposed of by her.   This decree gave the officers a lien on the property for their costs.   But subsequently, in July, 1841, an order was entered remitting the officers' costs and declaring the administration closed.   No further action or proceeding with reference to or connected with this estate or the administratrix was had by the court.   In July, 1841, the certificates were located and surveyed by Geo. Bringhurst, the surveyor of the county, to whom it appears they were delivered for that purpose by one Wm. Cook.

From Bringhurst's testimony it seems that the survey was not made for the Bodman heirs, they having no connection with it.   The inference to be drawn from his evidence is that the survey was made for Charles Bigelow.   Transfers were on the certificates, but by or to whom made does not appear.   The certificates were then valued at about 12½ cents per acre, and Bringhurst received a part of the land as compensation for his services.

On the 15th March, 1842, Mrs. Jane Bodman, who was then Mrs. Jane Morey, having married F. P. Morey (but at what time is not shown), joined by her husband F. P. Morey, executed to Chas. Bigelow a convey-

ance reciting the payment by him of the sum of $4000, in consideration of which the certificates, described as unlocated, and by number, date, etc., are conveyed to Bigelow, who is authorized to locate and survey the same and demand patents therefor, reciting also her authority to sell as derived from the Probate Court.

The only authentication of this instrument is that of one of the subscribing witnesses, J. M. Harvey, by whom it was proved before J. G. Gilchrist, a deputy clerk. There was no proof of any character that Mrs. Morey was examined privily by an officer separately and apart from her husband F. P. Morey. To the introduction of this deed the plaintiffs objected upon the ground that she could convey no title to the land by deed executed jointly with her husband unless she had been so examined. The objection was overruled, the deed admitted, and this action of the court is assigned as error by the appellees.

The proof shows a regular chain of title from Bigelow to appellants. None of the parties are shown to have been in actual possession of the land. But the appellants proved payment of taxes for about forty years by themselves and those under whom they claimed, and that they had never heard of any adverse assertion of title until the institution of this suit in February, 1885.

Appellant Welsh claimed 2302½ acres of the land sued for, the Groesbeck heirs claimed 1087½ acres, 261 acres of which last named tract was admitted to be a part of the separate property of A. R. Bodman embraced in the 1476-acre survey. The balance of the land to which the defendant asserted title was the community estate of A. R. Bodman and his wife Jane.

Judgment was rendered in favor of the plaintiffs, appellees here, for all of the 261 acres and one-half of the remaining 826½ acres against the Groesbeck heirs, and in favor of plaintiffs against Welsh for one-half of the 2302½ acres claimed by him. The defendants appealed and errors are assigned by appellants and appellees.

The errors assigned by the appellants are in substance that the court erred in allowing the decree of the Probate Court of Harris County to be collaterally attacked, and in not rendering judgment for them for all the land, because the evidence showed that the certificates were sold and conveyed by the widow of A. R. Bodman under a decree of a court of competent jurisdiction, which sale and conveyance had been acquiesced in by her and her heirs for more than forty years, and erred in its construction of the deed signed by F. P. Morey and wife. That the land certificates being personal property passed by delivery even though located if not located for the owner and not patented.

It is contended by the appellees that the conveyance to Bigelow by Mrs. Jane Morey, under which the appellants claim, was a nullity because there was no privy examination of her separate and apart from her hus-

band, and that judgment should have been rendered for appellees for all of the land.

As there is no controversy as to the fact that the appellees, plaintiffs below, are the heirs of Alfred Bodman, who was the son and heir of A. R. Bodman, to whom the land certificates were issued by virtue of which the land involved in this suit was patented, it follows that they as such heirs would be entitled to recover, unless the deed upon which the appellants rely operated in some manner recognized by the law as valid to divest A. R. Bodman of title thereto. That it effected this as a deed made by his administratrix, the surviving widow, pursuant to an order of the Probate Court, appellants contend.

The cases cited by the appellants are uniform to the effect that every reasonable presumption will be indulged in support of the proceedings of the Probate Courts to uphold the titles of purchasers thereunder acquired in good faith. Poor v. Boyce, 12 Texas, 441; Sypert v. McCowen, 28 Texas, 638; Pleasants v. Dunkin, 47 Texas, 355.

But in these cases the titles were acquired while the estate was in process of admininistration or under such circumstances as authorized the presumption that when the sale was made the administrator was acting in that capacity and recognized as such by the Probate Court. But in this case it does not appear that there was any sale or disposition made of the certificates prior to their location in July, 1841, by the administratrix of Bodman's estate, or subsequently, pending the administration and under the jurisdiction of the Probate Court. That she as the surviving widow, without administration in any of the modes provided by law, could have effected a sale of this property to discharge the liabilities of the community estate is well settled. Sanger v. Heirs of Moody, 60 Texas, 96. And prior to the Act of 1856 authorizing administration by the marital survivor she possessed the power independently of any statute as such survivor to so dispose of the community estate for the satisfaction of its debts. Jones v. Jones, 15 Texas, 148; Dawson v. Holt, 44 Texas, 178.

The cases cited by appellants we do not think are analagous to the case under consideration. In Poor v. Boyce, 12 Texas, 441, the widow of McRae (the first husband, to whom the certificates were issued, and who died in 1835) married her second husband, Poor, in 1837, and she conveyed the land subsequently under order of the Probate Court. But she became administratrix of McRae's estate after her second marriage with Poor. One of the objections in that case made to the conveyance was the want of the assent of the second husband to the conveyance, which was held to be unnecessary.

In Pleasants v. Dunkin, 47 Texas, 353, the administrator was acting under the jurisdiction of the Probate Court and sale was made pending the administration. But the title relied on by the appellants in this case,

the conveyance by Mrs. Morey and her husband F. P. Morey in March,. 1842, was executed by her as administratrix after she had been shorn of her powers as administratrix of the community estate of her first husband by a subsequent marriage with F. P. Morey. And, moreover, it is; established by the evidence that the estate by order of the Probate Court. had been declared closed in July, 1841, and there are no facts tending to show or that would authorize the presumption that it had been reopened, or that she was at any time subsequently recognized as administratrix.

·We do not think then as the facts are disclosed by the record that the conveyance can be regarded as the deed of the administratrix of the community estate of A. R. Bodman made pursuant to an order of the Probate Court, because her powers as such administratrix were extinguished by the second marriage, and there was no exercise of jurisdiction by the court over the estate after the succession was closed in July, 1841, recognizing her as administratrix. The evidence shows that the conveyance by Mrs. Jane Morey and her husband was executed about eight months after the certificates by location and survey had lost all the characteristics. of personal property or choses in action and had become realty.

The recitals of the conveyance would indicate that it was intended as. an assignment of the certificates. But this presumption is contradicted. by the undisputed fact that the land was actually surveyed in July, 1841. To have had the effect then to convey the land the deed must be tested by the law then in force governing the conveyance of land the separate property of a married woman. The Act of February 8, 1841, the first statute providing in this State for the privy examination of a married woman separate and apart from her husband to render effectual her conveyance of land, was in force. It was probably suggested by the mode of alienation by fine, which, it is said, is "almost the only act a *feme covert* or married woman is permitted by law to do, because she is privately examined as to her voluntary consent which removes the general suspicion entertained by the common law of compulsion by the husband." 2 Blacks. Com., 355; Roy v. Bremond, 22 Texas, 629.

Prior to the Act of 1841 referred to, no separate acknowledgment of the wife was necessary. Harvey v. Hill, 7 Texas, 593. This act has been repeatedly construed, and it has been held that to recognize the deed of a married woman as effectual to pass her title to her separate land made in conjunction with her husband without proof of this privy examination would be to repeal the law requiring it. Nichols v. Gordon, 25 Texas Supp., 131; Roy v. Bremond, 22 Texas, 626; Davis v. Agnew, 67 Texas, 208.

The evidence shows that as between Mrs. Morey and her husband F. P. Morey the land was her separate property, and she could convey her interest in it only in the manner prescribed by law.·

As the case is now presented by the record before us we are only called upon to determine whether the title under which the appellants claim through Chas. Bigelow is valid as a conveyance of the community interest of her former husband, A. R. Bodman, by Mrs. Morey as administratrix of his estate under the orders of the Probate Court, and whether in the absence of proof showing her privy examination it operated as a conveyance of her title.

For the reasons stated we do not think it had the effect to convey the title of A. R. Bodman or her own, and we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 12, 1889.