DAUGHTERS OF CHARITY HEALTH SERVICES OF WACO, A Texas Corporation D/B/A Providence Health Center, Petitioner,

v.

Donald LINNSTAEDTER and Kenneth Bolen, Respondents.

No. 05–0108.

Supreme Court of Texas.

Argued Feb. 14, 2006.

Decided June 1, 2007.

Andy McSwain, Colin H. O'Neill, Daniel Nesbitt MacLemore IV, Fulbright Winniford, P.C., Waco, for Petitioner.

Rod S. Squires, Derek Tod Gilliland, Fadra L. Day, Williams Squires Wren Brown & Gilliland, L.L.P., Waco, for Respondents.

Thomas B. Hudson Jr., P.M. Schenkkan, Graves Dougherty Hearon & Moody, P.C., Austin, for Amicus Curiae.

Justice BRISTER delivered the opinion of the Court.

█ Few patients today ever pay a hospital's full charges, due to the prevalence of Medicare, Medicaid, HMOs, and private insurers who pay discounted rates.[1] The question presented here is whether a hospital paid by a workers' compensation carrier can recover the discount from its full charges by filing a lien against a patient's tort recovery. Because hospitals cannot sue such patients for the discount, we hold they cannot accomplish indirectly (by filing a lien) what they could not do directly (by filing suit).

Donald Linnstaedter and Kenneth Bolen were injured in an auto collision while riding together in the course of their employment. Both were treated at a hospital owned and operated by the Daughters of Charity Health Services of Waco. Their reasonable and necessary hospital charges totaled $22,704.25, of which their workers' compensation carrier paid only $9,737.54. The hospital does not dispute that this was all that was due from the carrier under reimbursement guidelines mandated by the Texas Labor Code.[2]

Less than a week after the accident, the hospital filed a lien for its charges with the county clerk pursuant to the Texas Property Code.[3] The lien attached to the employees' causes of action, which they filed almost two years later against the other driver, John Paul Jones. Those claims were eventually settled for $175,000, but Jones's insurer paid $12,966.71 of that amount to the hospital to discharge its lien.

The employees brought this suit against the hospital for recovery of the $12,966.71. They claim the lien was invalid under the Labor Code, while the hospital claims it was valid under the Property Code. Based on an agreed statement of facts, the trial court entered judgment for the employees, and a divided court of appeals affirmed.[4] We granted the petition to consider the interaction between these two provisions.

---

1. *See* George A. Nation III, *Obscene Contracts: The Doctrine of Unconscionability and Hospital Billing of the Uninsured*, 94 KY. L.J. 101, 104 (2005–06) (arguing that hospital charges labeled as " 'regular,' 'full,' or 'list,' are misleading, because in fact they are actually paid by less than five percent of patients nationally").

2. *See* Tex. Lab.Code § 413.011.

3. *See* Tex. Prop.Code §§ 55.001–.008.

4. 151 S.W.3d 667 (Tex.App.-Waco 2004).

To secure costs a health provider may incur treating accident victims, the Texas Property Code grants hospitals a lien on any cause of action a patient may have against a tortfeasor.[5] The purpose of the lien "is to provide hospitals an additional method of securing payment for medical services, thus encouraging the prompt and adequate treatment of accident victims."[6] The lien amount cannot be more than "a reasonable and regular rate."[7] Once the lien is filed, a tortfeasor cannot obtain a release by judgment or settlement unless the hospital's charges are paid in full.[8]

■ To ensure full coverage for employees protected by workers' compensation, the Texas Labor Code provides that hospitals "may not pursue a private claim against a workers' compensation claimant" for all or part of the costs of treatment.[9] For several reasons, this provision bars not only lawsuits against such patients, but also liens against their assets. A lien is part and parcel of the underlying claim, the former existing only because of the latter.[10] As a chose in action is the intangible personal property of the claimant,[11] a lien against such property is necessarily a claim against its owner. Moreover, as a hospital has neither tort nor contract rights against a tortfeasor who has injured a patient, the only support for a hospital lien is its claim for reimbursement from the patient. Thus, a lien against a patient's tort recovery is just as much a claim against the patient as if it were filed against the patient's house, car, or bank account.

■ So while the Property Code grants hospitals a lien to secure their fees, the Labor Code prohibits liens against compensation patients. We think both can be given effect by limiting hospital liens involving compensation patients to amounts due under the workers' compensation system.[12]

A hospital that treats workers' compensation patients is bound by the Labor Code's provisions. Included among those provisions are caps on reimbursement,[13]

---

5. Tex. Prop.Code § 55.002(a).

6. *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 309 (Tex.1985).

7. Tex. Prop.Code § 55.004(d)(1).

8. *Id.* § 55.007.

9. Tex. Lab.Code § 413.042(a). The Code makes an exception for noncompensable injuries or treatment by nonapproved physicians, circumstances not involved here. *See id.*

10. *See Calvert v. Hull*, 475 S.W.2d 907, 911 (Tex.1972) ("Generally speaking, a specific debt (an obligation to pay money) is necessary to support a lien; the lien is affixed to land as security for some obligation to pay money."); *Univ. Sav. & Loan Ass'n v. Sec. Lumber Co.*, 423 S.W.2d 287, 292 (Tex.1967) (stating that "liens are incidents of and inseparable from the debt"); *Cont'l State Bank of Big Sandy v. Pepper*, 130 Tex. 71, 106 S.W.2d 654, 656 (Tex.1937) (same); Black's Law Dictionary 941

(8th ed.2004) ("lien. A legal right or interest that a creditor has in another's property, lasting usu. until a debt or duty that it secures is satisfied."); *see also* Tex. Prop.Code §§ 51.0001(6), 53.023.

11. *See* Black's Law Dictionary 258 (8th ed.2004) (defining "chose in action" to include "[p]ersonal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit"); *see, e.g.*, Tex. Prop.Code § 12.014; TEX. PROB. CODE § 3(z); *Red River Nat'l Bank v. Ferguson*, 109 Tex. 287, 206 S.W. 923, 924 (Tex.1918); *Groesbeck v. Bodman*, 73 Tex. 287, 11 S.W. 322, 324 (Tex.1889).

12. *See* Tex. Gov't Code § 311.026(a); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 86 (Tex.2006).

13. *See* Tex. Lab.Code § 413.011(d); *Texas Workers' Comp. Comm'n v. Patient Advocates of Texas*, 136 S.W.3d 643, 652 (Tex.2004).

and a bar against asking those patients or their compensation carriers for more.[14] Based on statewide data reflecting reimbursements in other health care delivery systems, the workers' compensation fee guidelines are intended to provide both fair and reasonable reimbursement and effective cost control.[15] A hospital dissatisfied with its reimbursement may contest it administratively.[16] Accordingly, prohibiting hospital liens against compensation patients does not frustrate the lien provisions of the Property Code because reimbursement of "a reasonable and regular rate" (all the Property Code allows) is already guaranteed.

Further, granting hospitals a lien in excess of the established guidelines for fair and reasonable rates would frustrate the Legislature's effort to achieve effective medical cost control through the Labor Code.[17] If a worker obtains a tort recovery, the compensation carrier is reimbursed first,[18] and the remainder paid to the worker discharges the carrier's obligation to make future medical payments to that extent.[19] If (as the hospital argues) a worker's recovery can be reduced by a hospital lien, the hospital will be reimbursed more than the compensation guidelines, and the carrier will have to pay more in future medical benefits.[20]

The hospital's most salient point is that in the suit against Jones, Linnstaedter and Bolen sought the full medical charges billed by the hospital rather than the reduced amount paid by their compensation carrier.[21] We agree that a recovery of medical expenses in that amount would be a windfall; as the hospital had no claim for these amounts against the patients, they in turn had no claim for them against Jones.[22] But we presume that Jones's carrier knew as much, and made its settlement offer accordingly. While the settlement here exceeded the full medical bill, there is no evidence it was intended to pay those expenses rather than lost earnings, pain and mental anguish, or physical impairment.

■ Accordingly, we hold the hospital's lien violated the Labor Code's prohibition of private claims against compensation pa-

14. Tex. Lab.Code §§ 413.016, 413.042(a).

15. *Id.* §§ 413.007–.008, 413.011.

16. *Id.* § 413.031. There is no indication in the record the hospital has done so here.

17. *See* Tex. Lab.Code § 413.011(d).

18. Tex. Lab.Code § 417.001(b); *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex.2002).

19. Tex. Lab.Code § 417.002.

20. The hospital is incorrect that the Fifth Court of Appeals reached a contrary result in *McCollum v. Baylor University Medical Center*, as that court held a hospital lien was enforceable only if its patient's underlying claim was not governed by the workers' compensation act. 697 S.W.2d 22, 25 (Tex.App.-Dallas 1985, no writ).

21. The hospital does not invoke judicial estoppel or assert that these allegation were made under oath. *See Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (Tex.1956).

22. *See Allstate Indem. Co. v. Forth*, 204 S.W.3d 795, 796 (Tex.2006) (holding insured who had no exposure for unreimbursed medical expenses had no standing to assert claim against her insurer for underpayment). This rule has since been codified. *See* Tex. Civ. Prac. & Rem.Code § 41.0105 (eff. Sept.1, 2003) ("In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.").

tients. We affirm the judgments of the courts below.

Justice WILLETT did not participate in the decision.