# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00293-CV

**Samuel T. Jackson, Appellant**

**v.**

**State Office of Administrative Hearings, and Cathleen Parsley in her
Official Capacity as Chief Administrative Law Judge, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-06-002440, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Samuel T. Jackson filed in the trial court a petition for writ of mandamus and declaratory judgment, complaining that appellees the State Office of Administrative Hearings (SOAH) and Cathleen Parsley, in her official capacity as Chief Administrative Law Judge, had not produced certain information requested by Jackson pursuant to the Public Information Act (PIA). *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West 2004 & Supp. 2008). Appellees refused to disclose the information, relying on an informal letter ruling prepared by the open records division of the Office of the Attorney General (OAG) concluding that the requested information should be withheld pursuant to section 552.101 of the government code and section 231.108 of the family code. *See id*. § 552.101 (West 2004); Tex Fam. Code Ann. § 231.108 (West 2008). Jackson and appellees filed competing motions for summary judgment, and the trial court granted summary judgment in favor of appellees, finding that the information sought by Jackson is confidential and may not be

disclosed. Jackson appeals, arguing that opinions, orders, and decisions rendered by SOAH are subject to public disclosure and that section 231.108 of the family code does not except information about license suspensions from disclosure requirements. We affirm the trial court's judgment.[1]

## Governing Statutes

The PIA is intended to promote the policy of open government and should be "liberally construed in favor of granting a request for information." Tex. Gov't Code Ann. § 552.001 (West 2004). "Public information" is any information collected, assembled, or maintained under a law or ordinance or in connection with official business by or for a governmental body, including an agency within or created by the legislature or executive branch. *Id*. §§ 552.002, .003(1)(A)(i) (West 2004). Public information may not be withheld unless the PIA expressly provides an exception to disclosure. *Id*. § 552.006 (West 2004). Information is excepted from disclosure requirements "if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Id*. § 552.101. Certain categories of information, including "final opinions, including concurring and dissenting opinions, and orders issue in the adjudication of cases" and "information that is also contained in a public court record," are not excepted from disclosure unless they are "expressly confidential under other law." *Id*. § 552.022(a)(12), (17) (West 2004).

---

[1] SOAH asserts on appeal that we should affirm the trial court's decision based on res judicata because Jackson sought the same relief via mandamus and was denied relief. *See In re Jackson*, No. 06-0142, 2006 Tex. LEXIS 513, at *1 (Tex. June 9, 2006). However, the denial of mandamus relief, "without comment on the merits, cannot deprive another appellate court from considering the matter in a subsequent appeal." *Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007). Therefore, we reject SOAH's res judicata argument and will consider the merits on appeal.

Chapter 231 of the family code governs the provision of Title IV-D services, *see* Tex. Fam. Code Ann. §§ 231.001-.309 (West 2008), which are child-support services administered by the states pursuant to federal law, *see* 42 U.S.C.A. §§ 651-669b (West 2003 & Supp. 2009). The OAG is Texas's designated Title IV-D agency. Tex. Fam. Code Ann. § 231.001. Except for exceptions not applicable here, "all files and records of services provided under this chapter, including information concerning a custodial parent, noncustodial parent, child, and an alleged or presumed father, are confidential." *Id*. § 231.108(a), (c), (g). Federal law also requires states to develop and have in effect "safeguards, applicable to all confidential information handled by the State agency, that are designed to protect the privacy rights of the parties," including protecting against the "unauthorized use or disclosure of information relating to proceedings or actions to establish paternity, or to establish, modify, or enforce support, or to make or enforce a child custody determination." 42 U.S.C.A. § 654(26) (West Supp. 2009).

A court or the Title IV-D agency may suspend a license held by a child-support obligor who is at least three months behind and has been given the opportunity but failed to make payments toward the arrearage. Tex. Fam. Code Ann. § 232.003 (West 2008); *see also id*. §§ 232.001, .0022 (West 2008) (defining "license" as license, certificate, registration, permit, or authorization (1) issued by licensing authority; (2) subject to renewal, suspension, revocation, forfeiture, or termination; and (3) necessary for practice of particular occupation, operation of motor vehicle, or participation in regulated activity such as hunting or other recreation). SOAH and the OAG entered into a contract under which SOAH conducts Title IV-D administrative hearings in cases referred by the OAG's child support division. The hearings encompass the following types

3

of proceedings: "standard contested cases" in which the OAG seeks to suspend a child-support obligor's license for failure to pay child support; an obligor's or the OAG's request to stay a license suspension; the OAG's request to revoke a stay of a license suspension or to vacate a stay; or the OAG's request for a default order when an obligor does not respond to a petition to suspend a license. *See id*. §§ 232.003, .009, .012, .013 (West 2008).

**Discussion**

Jackson's public-information request asked for copies of all decisions, opinions, or orders issued during a three-month period by SOAH "for the Title IV-D Agency of the Office of the Attorney General." The information requested encompasses personal identifying information about children, child-support obligors, and parents. SOAH sent a letter to the open records division informing the division of Jackson's request and explaining why SOAH believed the requested information was confidential. The open records division issued an informal letter ruling agreeing with SOAH that the requested information was not subject to disclosure. The letter noted that SOAH conducts hearings on behalf of the child support division pursuant to the OAG's mandate to administer Texas's Title IV-D program and that the OAG provides SOAH with confidential information for the purpose of conducting those hearings. The letter concluded that "all of the submitted information that is responsive to this request must be withheld from the requestor under section 552.101 [of the government code] in conjunction with section 231.108 of the family code."

Jackson argues that the requested SOAH opinions and orders must be disclosed under the following authorities: section 2001.004(3) of the government code, requiring a state agency to "make available for public inspection all final orders, decisions, and opinions," Tex. Gov't Code

4

Ann. § 2001.004(3) (West 2008); section 552.022(a) of the government code, which provides that final opinions and orders issued in adjudicating cases are not excepted from disclosure unless they are "expressly confidential under other law," *id.* § 552.022(a)(12);[2] the administrative code, which states that SOAH records are presumed to be open unless there is a specific and substantial interest that outweighs the presumption of openness, 1 Tex. Admin. Code § 155.31(m)(3) (2008);[3] and the rules of civil procedure, which provide that "[n]o court order or opinion issued in the adjudication of a case may be sealed," Tex. R. Civ. P. 76a(1).[4]

Generally, statutes trump administrative or procedural rules. *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000) ("when a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute"); *In re Chu*,

---

[2] Jackson cites *In re City of Georgetown*, 53 S.W.3d 328 (Tex. 2001), as support for his assertion that "[t]hough a statute may protect certain information in the hands of a state agency pursuant to the provisions of section 552.101, when it is made part of a court record the more stringent requirements of section 552.022 must be met." However, any support for that claim can only be found in the dissenting opinion. *See id.* at 342 (Abbott, J., dissenting). Further, the information Jackson sought was information from the administrative portions of Title IV-D proceedings and not part of "a court record." *See Beyer v. Employees Ret. Sys.*, 808 S.W.2d 622, 627 (Tex. App.—Austin 1991, writ denied) ("An administrative agency is not a 'court' and its contested-case proceedings are not lawsuits, no matter that agency adjudications are sometimes referred to loosely as being 'judicial' in nature.").

[3] The administrative code provisions governing SOAH were amended effective November 2008. The discovery provision of former section 155.31 related to sealing records is now located in section 155.423. *See* 1 Tex. Admin. Code § 155.423(g) (2009).

[4] The rules of civil procedure apply only to justice, county, and district courts. Tex. R. Civ. P. 2. They do not apply to state agencies unless an agency rule provides for it. *See, e.g.*, 1 Tex. Admin. Code § 155.251 (2009) (providing that parties to SOAH proceeding generally have discovery rights as provided in APA, administrative code, and rules of civil procedure). Further, as we noted, SOAH proceedings are not court proceedings so as to require application of rule 76(a). *See Beyer*, 808 S.W.2d at 627.

5

134 S.W.3d 459, 466 (Tex. App.—Waco 2004, orig. proceeding) ("a statute controls over a procedural rule"). Jackson has not shown how in this case the rules of civil procedure or SOAH's administrative rule, which the agency does not interpret as applying to this situation,[5] should control over state and federal law requiring records related to Title IV-D services to be kept confidential. Thus, section 654(26) of the U.S. Code, section 231.108 of the family code, and 552.101 of the government code control over any provisions set out in Texas's procedural or administrative rules.

Although Jackson argues that the documents he seeks are not "expressly confidential" under any statute, *see* Tex. Gov't Code Ann. § 552.022, we disagree. Section 231.108 expressly provides that "all files and records of services" provided under chapter 231, governing Title IV-D services, "including information concerning a custodial parent, noncustodial parent, child, and an alleged or presumed father, are confidential." Tex. Fam. Code Ann. § 231.108(a). Further, federal law requires states providing Title IV-D services to protect the parties' privacy rights and guard against the disclosure of information related to actions to "establish, modify, or enforce [child] support." 42 U.S.C.A. § 654(26). As Texas's Title IV-D agency, the OAG is empowered to "provide all services required or authorized to be provided" by Title IV-D, including "enforcement of child support . . . orders." Tex. Fam. Code Ann. § 231.101(a)(5). We recognize that Jackson seeks information related to license-suspension proceedings, which are conducted under chapter 232 of the family code, but such a suspension is sought only to enforce a child-support obligation when

---

[5] "An administrative agency's interpretation of its own rules is entitled to great weight and deference; it controls unless plainly erroneous or inconsistent with the agency's enabling statute." *Ackerson v. Clarendon Nat'l Ins. Co.*, 168 S.W.3d 273, 275 (Tex. App.—Austin 2005, pet. denied).

a child-support obligor under Title IV-D is overdue and has failed to comply with a repayment schedule. *See id*. § 232.003. Therefore, a suspension petition referred to SOAH by the OAG is part and parcel of a Title IV-D proceeding initiated under chapter 231, *see id.* § 231.101(a), and SOAH is required by federal and state law to keep the information confidential, *see* 42 U.S.C.A. § 654(26); Tex. Fam. Code Ann. § 231.108(a). We cannot imagine how SOAH or the OAG could parse out information related to a chapter 232 proceeding without disclosing chapter 231 information expressly made confidential under section 231.108. *See* Tex. Fam. Code Ann. § 231.108(a).

Jackson also insists that the *category* of documents he seeks, decisions by SOAH in license suspension proceedings, is not expressly made confidential by any statute. *See* Tex. Gov't Code Ann. § 552.022. However, as noted above, the *information* contained in the requested records is expressly made confidential, and it would undo federal and state legislative intent to require the disclosure of confidential information merely because the statutes do not use the words "opinion," "decision," or "order" in their clear directives to keep the information from public disclosure. We hold that the statutes making Title IV-D information confidential apply under section 552.022 to the SOAH orders and decisions sought by Jackson.

As far as Jackson's argument related to section 2001.004 of the APA, when a statutory conflict arises and cannot be reconciled, the more specific statute controls over the more general statute. *See id.* § 311.026 (West 2005); *State Farm Lloyds v. Geeslin*, 267 S.W.3d 438, 446 (Tex. App.—Austin 2008, no pet.) (citing *Daughters of Charity Health Servs. v. Linnstaedter*, 226 S.W.3d 409, 411 (Tex. 2007)). Thus, the statutes specifically addressing the confidentiality of Title IV-D information control over the more general APA provision related to public inspection of

7

final orders. Finally, we note that section 231.108 of the family code includes a specific provision making final orders in suits adjudicating parentage available for public inspection. Tex. Fam. Code Ann. § 231.108(g). It would make little sense to specifically provide for public inspection of those orders if all orders related to Title IV-D services were intended to be publicly available. Instead, that provision supports our conclusion that the information sought was properly withheld as confidential.

## Conclusion

We hold that SOAH and the open records division properly interpreted and applied section 231.108 of the family code and sections 552.022 and 552.101 of the government code to Jackson's public-information request. The trial court, therefore, did not err in granting summary judgment in favor of appellees. We affirm the trial court's judgment.[6]

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: July 30, 2009

---

[6] Jackson expresses concern about who will provide "oversight to assure the fairness of these proceedings." The judicial review of license-suspension hearings provided by the family code will presumably ensure appropriate oversight of the administrative proceedings. *See* Tex. Fam. Code Ann. § 232.010 (West 2008).