# NO. 12-17-00333-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EAST TEXAS MEDICAL CENTER ATHENS, APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ESTHER HERNANDEZ, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

East Texas Medical Center Athens (ETMC) appeals the denial of its motion to dismiss a lawsuit that Esther Hernandez filed against it. In a single issue, ETMC contends the Texas Citizens Participation Act (TCPA) applies and that the trial court erred when it found that the statute did not apply. It also requests that the case be remanded for a determination of attorney's fees and costs. We affirm.

## BACKGROUND

Hernandez was injured in a motor vehicle collision in June 2016. She sought and received medical treatment for her injuries at ETMC. At the time she received medical services, Hernandez assigned her right to payments of any proceeds, including settlement funds, to ETMC. Because a third party was responsible for the accident and Hernandez's injuries, ETMC filed a hospital lien. The purpose of the hospital lien was to secure ETMC's right to recover payment for its services from any settlement made between Hernandez and the third party. The hospital lien does not specify the amount to which ETMC believes it is entitled; however, the parties agree that ETMC seeks to recover $33,630.75, the balance of the amount billed to Hernandez.

Hernandez settled her claim with the third party. Following the settlement, Hernandez sought to pay $2,463.08 to ETMC, and ETMC responded by offering to reduce the bill to $20,000. When the parties were unable to reach an agreement, Hernandez filed a declaratory judgment action asking the court declare the amount of ETMC's bills excessive and unreasonable. ETMC filed a motion to dismiss under the TCPA, alleging the statute[1] applies to ETMC's filing of the hospital lien. ETMC asserted that Hernandez's lawsuit was in response to its rights of petition and free speech. The trial court denied the motion and found that the TCPA did not apply because of the "commercial speech" exception. This appeal followed.[2]

## TEXAS CITIZENS PARTICIPATION ACT

In its sole issue, ETMC asserts the trial court erred in not granting its motion to dismiss Hernandez's suit. Specifically, ETMC argues that the TCPA's "commercial speech" exception does not apply.

### Standard of Review and Applicable Law

The purpose of the TCPA is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2015). Although we construe the TCPA liberally "to effectuate its purpose and intent fully," it "does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case or common law or rule provisions." *Id.* § 27.011 (West 2015).

The TCPA provides a mechanism for early dismissal of a cause of action that "is based on, relates to, or is in response to a party's exercise of the right of free speech, the right to petition, or right of association . . . ." *Id*. § 27.003 (West 2015). The party moving for dismissal has the initial burden to establish by a preponderance of the evidence "that the legal action is based on, relates to, or is in response to the party's exercise of" the right of free speech, the right

---

[1] The TCPA is considered an anti-SLAPP statute. Anti-SLAPP stands for "strategic lawsuit against public participation." *Jennings v. WallBuilder Presentations, Inc.*, 378 S.W.3d 519, 521 n.1 (Tex. App.—Fort Worth 2012, pet. denied).

[2] An interlocutory appeal of a motion to dismiss under section 27.003 is authorized by the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West Supp. 2017).

to petition, or the right of association. *Id*. § 27.005(b) (West 2015). If the movant makes this showing, the burden shifts to the nonmovant to establish by "clear and specific evidence a prima facie case for each essential element of the claim in question." *Id*. § 27.005(c). However, even if the plaintiff establishes a prima facie case, the court shall dismiss the case if the movant establishes each essential element of a valid defense by a preponderance of the evidence. *Id.* § 27.005(d). When determining whether to dismiss the legal action, the court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id*. § 27.006(a) (West 2015).

The Texas Supreme Court has explained the meaning of the requirement that the nonmovant establish by "clear and specific evidence a prima facie case." ***In re Lipsky***, 460 S.W.3d 579, 590–91 (Tex. 2015) (orig. proceeding). "Clear" means "unambiguous, sure or free from doubt," and "specific" means "explicit or relating to a particular named thing." *Id*. at 590. A "prima facie case" is "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id*. It refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted. *Id*. The "clear and specific evidence" requirement does not impose an elevated evidentiary standard, nor does it categorically reject circumstantial evidence. *Id*. at 591. But it requires more than mere notice pleading. *Id.* at 590–91. Instead, a plaintiff must provide enough detail to show the factual basis for its claim. *Id*. at 590.

We review questions of statutory construction de novo. ***Molinet v. Kimbrell***, 356 S.W.3d 407, 411 (Tex. 2011). We consider de novo the legal question of whether the movant has established by a preponderance of the evidence that the challenged legal action is covered by the TCPA. ***Serafine v. Blunt***, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.). We also review de novo a trial court's determination of whether a nonmovant has presented clear and specific evidence establishing a prima facie case of each essential element of the challenged claims. *Id.* We consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); ***Campbell v. Clark***, 471 S.W.3d 615, 623 (Tex. App.—Dallas 2015, no pet.). We view the pleadings and evidence in the light most favorable to the nonmovant. ***Cheniere Energy, Inc. v. Lotfi***, 449 S.W.3d 210, 214–15 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

3

**Applicability of the TCPA**

ETMC contends that Hernandez's lawsuit is based on, relates to, and is in response to ETMC's filing the hospital lien. As a result, it argues that Hernandez's cause of action is based on ETMC's exercise of its right to petition and its exercise of its right to free speech. It further contends that the trial court misapplied the commercial speech exception of the TCPA because Hernandez is not the "intended audience" of the hospital lien.

The TCPA broadly defines "exercise of the right to petition." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4). The statutory definition includes "a communication in or pertaining to . . . a judicial proceeding [or] an official proceeding, other than a judicial proceeding, to administer the law[.]" *Id.* § 27.001(4)(A)(i), (ii). "Official proceeding" means "any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant." *Id.* § 27.001(8). In addition, "exercise of the right to petition" includes "any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state." *Id.* § 27.001(4)(E).

The TCPA defines "exercise of the right of free speech" as a communication made in connection with a matter of public concern. *Id*. § 27.001(3) (West 2015). A "matter of public concern" includes an issue related to health or safety; environmental, economic, or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace. *Id.* § 27.001(7). A "communication" is defined to include "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). The TCPA does not discriminate between public and private communications as long as they are made in connection with a matter of public concern. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). The TCPA statutory analysis is not dictated by traditional First Amendment constitutional limitations. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) (per curiam). Rather, we must apply the plain meaning of the TCPA as written, absent an ambiguity. *See id.* (holding court of appeals erred when it failed to apply the plain meaning of the statute by adding requirements not contained in TCPA).

The hospital lien statute provides hospitals an additional method of securing payment from accident victims, encouraging their prompt and adequate treatment. *McAllen Hosps., L.P. v. State Farm Cty. Mut. Ins. Co. of Tex.*, 433 S.W.3d 535, 537 (Tex. 2014). Subject to certain

4

conditions, a hospital has a lien on the cause of action of a patient "who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person." *Id.;* TEX. PROP. CODE ANN. § 55.002(a) (West 2014). The lien attaches to the patient's cause of action against the third party, a trial court's judgment or public agency's decision in a proceeding brought by the patient, and the proceeds of a settlement of the patient's cause of action. TEX. PROP. CODE ANN. § 55.003(a) (West 2014). The lien is "part and parcel" of the underlying claim and only exists because of the claim. ***Daughters of Charity Health Servs. of Waco v. Linnstaedter***, 226 S.W.3d 409, 411 (Tex. 2007). "As a [cause] in action is the intangible personal property of the claimant, a lien against such property is necessarily a claim against its owner." ***Id.*** The only support for a hospital lien is its claim for reimbursement from the patient because the hospital lacks tort and contract rights against a third party tortfeasor. ***Id.*** Therefore, "a lien against a patient's tort recovery is just as much a claim against the patient as if it were filed against the patient's house, car, or bank account." ***Id.***

The filing of the hospital lien is necessarily a communication that relates to health. The provision of medical services by a health care professional constitutes a matter of public concern. ***Lippincott v. Whisenhunt***, 462 S.W.3d 507, 510 (Tex. 2015). In addition, the hospital lien statute exists in an effort to encourage the prompt and adequate payment of accident victims and, thereby, affects community well-being. *See* ***Bashara v. Baptist Mem'l Hosp. Sys.***, 685 S.W.2d 307, 309 (Tex. 1985). As a result, ETMC's filing of the hospital lien was an exercise of its right to free speech. And because Hernandez is challenging the amount of the lien and the reasonableness of the hospital bills secured by the lien, Hernandez's lawsuit is in response to ETMC's exercise of the right of free speech.[3]

However, the trial court found that the commercial speech exemption applied to ETMC's conduct. Under that exception, the TCPA does not apply to "a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer." TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b) (West 2015). The Texas

---

[3] Because ETMC meets its initial burden as to the "exercise of the right of free speech," we need not address whether its conduct qualified as the "exercise of the right to petition." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *see also* TEX. R. APP. P. 47.1.

Supreme Court recently clarified the scope of the commercial speech exemption. *See Castleman v. Internet Money Ltd.*, No. 17-0437, 2018 WL 1975039, at \*3 (Tex. April 27, 2018) (per curiam, not yet released for publication). The exemption applies "when (1) the defendant was primarily engaged in the business of selling or leasing goods [or services], (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides." *Id.*

There is no dispute that ETMC is primarily engaged in the business of selling health services, ETMC filed the hospital lien in its capacity as a seller of those health services, and the lien arose out of a commercial transaction involving ETMC's health services.[4] Thus, only the fourth element of the exception is at issue. ETMC argues that the intended audience of the hospital lien is the third party tortfeasor, and the public in general, instead of Hernandez. Hernandez argues that she is the lien's intended audience and, in support of this position, points to ETMC's counterclaim seeking satisfaction of the lien from her. As discussed above, a hospital has no contractual or tort rights against the third party tortfeasor. *Linnstaedter*, 226 S.W.3d at 411. As a result, the only true support for a hospital lien is via a claim for reimbursement from Hernandez, and a claim against Hernandez's settlement proceeds is necessarily a claim against her as the owner of those proceeds. *See id.* Therefore, we can only conclude that the intended audience of the hospital lien includes Hernandez and, consequently, the commercial speech exemption applies to ETMC's conduct. *See Castleman*, 2018 WL 1975039, at \*3; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b). Because we so conclude, the trial court did not err in denying ETMC's motion to dismiss.

## Prima Facie Case

We further conclude that, even assuming that the commercial speech exemption does not apply, Hernandez established by clear and specific evidence a prima facie case for each essential element of her claim.

---

[4] During argument, ETMC contended for the first time that it is not primarily engaged in the business of selling services because it is a nonprofit hospital. However, this argument was not made in the trial court or in ETMC's brief. Furthermore, ETMC presented no evidence or authority to support its contention. As a result, we need not address it. *See* TEX. R. APP. P. 38.1(i) ("brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

In her petition, Hernandez seeks a declaration that the amount charged by ETMC, and the amount of the lien, exceeds the reasonable and regular rate for the same or similar services. She alleges that ETMC's charges are inconsistent with what it would have accepted for the same service from Medicare, Medicaid, or a private health insurer. As a result, she contends the charges are not reasonable or regular and, therefore, not recoverable under the hospital lien statute.

As previously mentioned, a hospital has a lien on the cause of action of a patient who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person. TEX. PROP. CODE ANN. § 55.002(a). The statute allows the hospital to recover the full amount of the lien, subject only to the right to question the reasonableness of the charges comprising the lien. *In re N. Cypress Med. Ctr. Operating Co., Ltd.*, No. 16-0851, 2018 WL 1974376, at *2 (Tex. April 27, 2018) (orig. proceeding, not yet released for publication).

A "two-tiered" healthcare billing structure has evolved over the last several decades. *Id.* at *3. These tiers encompass "list" or "full" rates, which are sometimes charged to uninsured patients yet frequently uncollected, and "reimbursement rates" for patients covered by government and private insurance. *Id.* The Texas Supreme Court has noted that few patients ever pay a hospital's full rate but that hospitals are pressed to set charges as high as possible because reimbursement rates tend to increase. *Id.* (citing *Haygood v. De Escabedo*, 356 S.W.3d 390, 393 (Tex. 2012)). Because a valid hospital lien may not secure charges that exceed a reasonable and regular rate, the issue involves what constitutes a reasonable and regular rate. *N. Cypress*, 2018 WL 1974376, at *4. Because of the evolution of list prices, the charges themselves are not dispositive of what is reasonable, irrespective of whether the patient being charged has insurance. *Id.* This fact makes the amounts a hospital accepts as payment from other patients, including those covered by private insurance and government benefits, relevant to whether the charges encompassed in a hospital lien are reasonable. *Id.* at *7.

In response to ETMC's motion to dismiss, Hernandez presented evidence that she was covered by health insurance under a plan with Centers for Medicare and Medicaid Services (CMS) at the time of the collision. ETMC's bill demonstrates its awareness that Hernandez was a Medicare patient because it lists "Medicare Acute" on the face of the bill. Federal law prohibits health care providers who agree to treat Medicare patients from charging more than Medicare has determined to be reasonable. *Haygood*, 356 S.W.3d at 392. The charges listed on

the bill total $34,630.75 and include $30,949.25 for a CT scan. And no adjustments, other than a payment of $1,000, are itemized on the bill. Given that, as recognized by the Texas Supreme Court, hospitals feel financial pressure to set full charges as high as possible for reimbursement purposes, the amounts billed by ETMC are most likely not the Medicare-approved rates. *See id.* Thus, the evidence supports Hernandez's contention that "the amount charged by East Texas Medical Center Athens, as reflected in the hospital lien, exceeds the reasonable and regular rate for the same or similar services. Thus, such charges are not recoverable under the hospital lien." Under these circumstances, we conclude that Hernandez presented the minimum quantum of evidence necessary to support a rational inference that she was not charged the Medicare-approved rate and presented by clear and specific evidence a prima facie case that ETMC's charges exceed the reasonable and regular rates in violation of the Texas Property Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *see also **Lipsky***, 460 S.W.3d at 590–91; ***Serafine***, 466 S.W.3d at 360 (TCPA does not require testimony or other evidence to satisfy evidentiary burden).

## Affirmative Defense

We also address ETMC's assertion that, even if Hernandez presented a prima facie case, it is still entitled to dismissal because it proved the affirmative defense of quasi-estoppel by a preponderance of the evidence. According to ETMC, quasi-estoppel bars Hernandez from contesting the amount of the hospital lien.

Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. ***Lopez v. Munoz, Hockema & Reed, L.L.P.***, 22 S.W.3d 857, 864 (Tex. 2000). The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which she acquiesced, or from which she accepted a benefit. ***Sampson Exploration, LLC v. T.S. Reed Props., Inc.***, 521 S.W.3d 766, 778 (Tex. 2017). According to ETMC, Hernandez's declaratory judgment action disputing the reasonableness of the medical bill is inconsistent with the position she took while negotiating her $30,000 settlement with the third party tortfeasor. ETMC asserts that Hernandez relied on the full amount of the bill in support of her right to recover expenses from the tortfeasor, which she would only have been entitled to recover if they were the same expenses the medical provider could recover from the patient.

8

We must only assume that Hernandez presented her medical bill to the tortfeasor and his insurance carrier. ETMC was not a party to the settlement, and, even if it were, settlement negotiations are inadmissible to prove or disprove the amount or validity of a disputed claim. *See* TEX. R. EVID. 408. In addition, ETMC provided no evidence that Hernandez represented to the tortfeasor that her charges were the reasonable and regular rates for the services she received. Hernandez settled her claim against the tortfeasor for $30,000, which is less than the amount of ETMC's hospital lien. To assume that medical charges were the only damages she asserted against the tortfeasor, and the only damages recovered, is shortsighted. Because ETMC failed to demonstrate that Hernandez maintained a position inconsistent with one to which she acquiesced, or from which she accepted a benefit, ETMC failed to establish its affirmative defense of quasi-estoppel by a preponderance of the evidence. *See id*.; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

## Summary

For all the above reasons, we conclude that the trial court did not err in denying ETMC's motion to dismiss. We overrule ETMC's sole issue.

## DISPOSITION

Having overruled ETMC's sole issue, we ***affirm*** the trial court's order denying ETMC's motion to dismiss.

BRIAN HOYLE
Justice

Opinion delivered May 31, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2018**

**NO. 12-17-00333-CV**

**EAST TEXAS MEDICAL CENTER ATHENS,**
Appellant
V.
**ESTHER HERNANDEZ,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CV17-0221-173)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order denying Appellant's, **EAST TEXAS MEDICAL CENTER ATHENS,** motion to dismiss of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **EAST TEXAS MEDICAL CENTER ATHENS,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*