# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ETX SUCCESSOR TYLER F/K/A EAST TEXAS MEDICAL CENTER, APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TERRIE PRIDGEON, AS GUARDIAN OF THE PERSON AND THE ESTATE OF JASON C. DUBOSE, APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *OPINION*

ETX Successor Tyler, formerly known as East Texas Medical Center (ETMC), brings this interlocutory appeal of the trial court's denial of its motion to dismiss the declaratory judgment action filed by Terrie Pridgeon, as guardian of the person and the estate of Jason C. Dubose. In its sole issue, ETMC asserts that the Texas Citizens Participation Act (TCPA)[1] applies, there are no applicable statutory exemptions, Pridgeon did not meet her burden to establish a prima facie case, and ETMC established affirmative defenses to Pridgeon's claim. We affirm.

## BACKGROUND

After being seriously injured in a car accident in September 2015, Jason C. Dubose obtained treatment at ETMC. While Dubose was still in the hospital, ETMC filed a hospital lien pursuant to Chapter 55 of the Texas Property Code to give notice that it asserts a lien on all causes of action or claims filed by or on behalf of Dubose for damages arising from the injury for which he was admitted to the hospital. ETMC asserts an outstanding balance of $597,830.16 for extensive emergency care it provided over the course of three and a half weeks.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.011 (West 2015).

Pridgeon filed a personal injury lawsuit against the person who caused DuBose's injuries. That case settled in July 2017. A few months later, Pridgeon filed a declaratory judgment action pursuant to the Uniform Declaratory Judgments Act (UDJA)[2] for a determination of the parties' rights, status, and other legal relationship arising under Chapter 55 of the property code. ETMC counterclaimed for breach of contract, quantum meruit, unjust enrichment, suit on a sworn account, conversion, and money had and received. ETMC also filed a motion to dismiss pursuant to the TCPA. The motion was overruled by operation of law, and ETMC appeals that ruling. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a).

## TEXAS CITIZENS PARTICIPATION ACT

In its sole issue, ETMC asserts that the trial court erred in failing to grant its TCPA motion to dismiss. It argues that recording the notice of hospital lien constitutes an exercise of the right to free speech and the right to petition, the statute's commercial speech and bodily injury exemptions do not apply, Pridgeon failed to satisfy her burden of establishing a prima facie case for each essential element of her claim, and ETMC established affirmative defenses to Pridgeon's claim.

## Standard of Review

We review a trial court's ruling on a TCPA motion to dismiss de novo. *Lane v. Phares*, 544 S.W.3d 881, 886 (Tex. App.−Fort Worth 2018, no pet.). Specifically, we consider de novo whether each party has met its respective burden under the Act's two-step dismissal mechanism. *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 873 (Tex. App.−Austin 2018, pet. filed). In our review, we consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); *Campbell v. Clark*, 471 S.W.3d 615, 623 (Tex. App.−Dallas 2015, no pet.). We view the pleadings and evidence in the light most favorable to the nonmovant when determining whether the TCPA applies. *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 214 (Tex. App.−Houston [1st Dist.] 2014, no pet.).

## Applicable Law

---

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (West 2015).

The TCPA provides a two-step procedure for early dismissal of claims brought to intimidate or to silence a defendant's exercise of its First Amendment rights. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003; *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). Under the first step, a movant seeking dismissal under the TCPA has the burden to show by a preponderance of the evidence that the nonmovant's legal action is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant makes this showing, the burden shifts to the nonmovant to establish a prima facie case for each essential element of the claim in question. *Id*. § 27.005(c). However, the movant may still obtain a dismissal if it establishes each essential element of a valid defense to the nonmovant's claim. *Id*. § 27.005(d).

## ETMC's First Amendment Rights

ETMC asserts that the notice of hospital lien that it filed constitutes an exercise of the right of free speech or, alternatively, the right to petition. Pridgeon argues that her suit is not a challenge to ETMC's speech, and the lien notice is not speech on a matter of public concern.

The TCPA defines "exercise of the right of free speech" as a communication made in connection with a matter of public concern. *Id*. § 27.001(3). A "communication" is defined to include "the making or submitting of a statement or document in any form or medium. . . ." *Id*. § 27.001(1). A "matter of public concern" includes an issue related to health or safety; environmental, economic, or community well-being; the government; a public official or public figure; or a good, product, or service in the marketplace. *Id*. § 27.001(7).

A hospital has a lien on a cause of action or claim of an individual who receives hospital services for injuries caused by an accident that is attributed to the negligence of another person. TEX. PROP. CODE ANN. § 55.002(a) (West 2014). The lien attaches to the proceeds of a settlement of a cause of action or a claim by the injured individual. *Id*. § 55.003(a)(3). The statute helps ensure prompt and adequate treatment for accident victims. *McAllen Hosps., L.P. v. State Farm Cty. Mut. Ins. Co. of Tex.*, 433 S.W.3d 535, 537 (Tex. 2014). To secure the lien, the hospital must provide notice to the injured individual and file written notice of the lien with the county clerk of the county in which the services were provided. TEX. PROP. CODE ANN. § 55.005 (West 2014).

ETMC's filing of written notice of the hospital lien fits within the definition of communication. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(1). The lien, as an attempt to obtain

3

payment for medical services, relates to health. *See* TEX. PROP. CODE ANN. § 55.002. The provision of medical services by a health care professional constitutes a matter of public concern. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 510 (Tex. 2015). Further, the statute's purpose in obtaining treatment for accident victims affects community well-being. *See McAllen Hosps., L.P.*, 433 S.W.3d at 538. Accordingly, ETMC's filing of the hospital lien was an exercise of its right to free speech. Pridgeon's declaratory judgment cause of action, in which she seeks a declaration regarding the construction of the hospital lien statute, is in response to ETMC's exercise of its right of free speech.[3]

**Statutory Exemptions**

Pridgeon asserts that her suit is exempt from a TCPA analysis due to application of the bodily injury exemption and the commercial speech exemption. ETMC argues that neither exemption applies and therefore cannot justify the trial court's failure to grant its motion to dismiss. The party asserting the exemption has the burden of proving its applicability. *Kirkstall Road Enters., Inc. v. Jones*, 523 S.W.3d 251, 253 (Tex. App.−Dallas 2017, no pet.).

The TCPA does not apply to a legal action seeking recovery for bodily injury or to statements made regarding that legal action. TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(c). Here, the hospital lien sought to recover judgments for damages and the proceeds of settlements of Dubose's causes of action for injuries sustained by him in the accident. Thus, the lien is a statement regarding Dubose's bodily injury action. Pridgeon's declaratory judgment action involves the interpretation and application of the hospital lien statute pursuant to which ETMC filed a lien to obtain payment for its services to Dubose for his bodily injuries. We are unpersuaded by ETMC's argument that the lien cannot be a statement regarding Dubose's bodily injury action because the lawsuit was filed after the lien was recorded. By its own terms, the lien was to attach to judgments or settlements occurring at any time after the lien was recorded. We conclude that this exemption applies, making Pridgeon's declaratory judgment suit exempt from application of the TCPA's dismissal scheme.

Regarding the commercial speech exemption, the TCPA does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services,

---

[3] Because ETMC met its burden to show Pridgeon's suit is in response to the exercise of the right of free speech, we need not address whether ETMC's exercise of the right to petition has been implicated. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *see also* TEX. R. APP. P. 47.1.

if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer. TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(b).

ETMC contends it is not primarily engaged in the business of selling or leasing goods or services. It asserts that it is primarily in the business of treating sick and injured people and the selling of goods and services is ancillary to its primary purpose. ETMC does not contend that it does not charge for its services. As demonstrated by its filing the lien, attempting to have Pridgeon's declaratory judgment action dismissed, and countersuing to recover almost $600,000 for goods and services provided to Dubose, ETMC wants to be paid. Pridgeon provided evidence that, between 1996 and 2015, ETMC charged in excess of $2.5 billion for its services. During that same time period, ETMC's expenses totaled less than $500,000,000, indicating that ETMC sold its services, and for an amount much greater than the expenses required for providing those services. The business of selling or leasing goods or services and the business of treating sick and injured people are not mutually exclusive activities. We conclude ETMC participated in the business of selling goods or services in the context of treating sick and injured people.

ETMC also argues that the commercial speech exemption does not apply because Pridgeon was not the intended audience of the lien. We disagree. The lien attaches to the personal injury lawsuit Dubose had against the person who caused his injuries, the judgment arising out of that lawsuit, or the proceeds of a settlement of his cause of action. *See* TEX. PROP. CODE ANN. § 55.003(a). A lien against the patient's tort recovery is a claim against the patient. ***Daughters of Charity Health Servs. of Waco v. Linnstaedter***, 226 S.W.3d 409, 411 (Tex. 2007). Therefore, the intended audience of the hospital lien includes Dubose, and by extension, Pridgeon.

ETMC was primarily engaged in the business of selling goods or services, that is, healthcare. ETMC filed the lien in its capacity as seller of healthcare, and the lien arose out of a commercial transaction involving ETMC's provision of healthcare to Dubose, who was the intended audience of the lien. *See **Castleman v. Internet Money Ltd.***, 546 S.W.3d 684, 688 (Tex. 2018) (per curiam). We conclude that the commercial speech exemption applies here, and Pridgeon's declaratory judgment suit is exempt from application of the TCPA's dismissal scheme. Therefore, the trial court did not err by not granting ETMC's motion to dismiss.

5

**Prima Facie Case**

ETMC also asserts that Pridgeon failed to meet her burden to establish by clear and specific evidence a prima facie case for each essential element of her claim. ETMC bases its argument on its interpretation of Pridgeon's claim. ETMC emphasizes that Pridgeon "pleaded for declaratory judgment specifically holding that ETMC's 'lien amount of $597,830.16 exceeds the reasonable and regular rate for the services provided.'" Therefore, ETMC asserts that Pridgeon has the burden to prove whether the lien amount of $597,830.16 exceeds the reasonable and regular rate for the services provided. We disagree. For purposes of determining if ETMC's motion to dismiss should be granted, the reasonableness of the lien amount is not the issue Pridgeon must address.[4]

The trial court may not dismiss a legal action pursuant to the TCPA if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). "Clear" means unambiguous, sure or free from doubt, and "specific" means explicit or relating to a particular named thing. *S & S Emerg. Training Sols., Inc. v. Elliott*, No. 17-0628, 2018 WL 6711322, at *3 (Tex. December 21, 2018). "Prima facie case" as used in the statute means evidence that is legally sufficient to establish a claim as factually true if it is not countered. *Id*. A prima facie case is the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true. *Id*.

The UDJA is a procedural device available as a remedy. *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (per curiam) (orig. proceeding). The UDJA's purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b). A person whose rights are affected by a statute may have determined any question of construction or validity arising under the statute and obtain a declaration of rights, status, or other legal relations under the statute. *Id*. § 37.004(a). Thus, a declaratory judgment is appropriate when a justiciable controversy exists concerning the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). A justiciable controversy is one in which

---

[4] Our analysis of the requirement to prove a prima facie case here differs from our analysis of this issue in *E. Tex. Med. Ctr. v. Hernandez*, No. 12-17-00333-CV, 2018 WL 2440508 (Tex. App.−Tyler May 31, 2018, pet. denied) (mem. op.). Here, in her response to the motion to dismiss, and on appeal, Pridgeon asserted that she sought a declaration of nonliability for the excessive portion of ETMC's bill and her burden was to show a justiciable controversy that will be resolved by the declaration sought. This argument was not raised in *Hernandez*.

a real and substantial controversy exists involving a genuine conflict of tangible interest and not merely a theoretical dispute. *Id*.

Therefore, we evaluate the pleadings and evidence adduced in connection with ETMC's motion to dismiss to determine whether Pridgeon established a prima facie case by clear and specific evidence that (1) a justiciable controversy exists as to the rights and status of the parties under the hospital lien statute and (2) the controversy will be resolved by the declaration sought. *See Perez v. Quintanilla*, No. 13-17-00143-CV, 2018 WL 6219627, at *4 (Tex. App.−Corpus Christi Nov. 29, 2018, no pet.) (mem. op.); *Dolcefino v. Cypress Creek EMS*, 540 S.W.3d 194, 201 (Tex. App.−Houston [1st Dist.] 2017, no pet.); *Cosmopolitan Condo. Owners Ass'n v. Class A Inv'rs Post Oak, LP*, No. 01-16-00769-CV, 2017 WL 1520448, at *4 (Tex. App.−Houston [1st Dist.] April 27, 2017, pet. denied) (mem. op.).

In her petition for declaratory judgment, Pridgeon asked the court to affirmatively declare the rights, status, and other legal relationship between the parties arising under the UDJA. She argued that Texas Property Code Section 55.004(d)(1) limits the amount of a hospital lien to the "reasonable and regular rate for the services." She explained that she filed the petition "to determine the 'reasonable and regular rate' so the lien may be satisfied and released." Considering the petition in the light most favorable to Pridgeon, it is a request for the court to construe the statute and determine whether or not the statute requires the amount of a hospital lien to be a reasonable and regular rate for the services rendered. She also requested the court make fact findings in her favor, asking the court to determine the valid amount of the alleged lien and find that payment of that amount will completely extinguish the debt covered by the lien.

Thus, in her suit for declaratory action Pridgeon sought to have her rights under the hospital lien statute construed. Her burden then was to establish that a justiciable controversy exists as to the rights of the parties with respect to construction of the hospital lien statute and to show that the controversy will be resolved by the declaration sought.

ETMC's motion to dismiss asserts an interpretation of the statute that is at odds with Pridgeon's, arguing that the statute does not require the lien amount to be a reasonable and regular rate. While a mere difference of opinion does not create a justiciable controversy, under the circumstances of this case, the dueling interpretations as to whether the statute requires the charges to be reasonable are at the crux of the parties' dispute. *See Allstate Indem. Co. v. Mem'l Hermann Health Sys.*, 437 S.W.3d 570, 575-76 (Tex. App.−Houston [14th Dist.] 2014, no pet.) (held, in

7

context of standing dispute, insurance company's declaratory judgment action concerning the construction of the hospital lien statute, including its right to challenge the reasonableness of billed services, presented a justiciable controversy which will be resolved by the declaration sought). Further, whether the statute requires the amount of the lien to be a reasonable and regular rate is the question of statutory construction before the trial court. Statutory construction is a purely legal question that does not involve evidentiary issues or burdens of proof. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989) (per curiam). A justiciable controversy exists as to the rights and status of the parties with respect to the hospital lien statute. Thus, Pridgeon established a prima facie case as to the first element of her declaratory judgment action. *See Dolcefino*, 540 S.W.3d at 201.

ETMC's argument that Pridgeon must prove the lien amount exceeds the reasonable and regular rate for the services provided misses the mark. Fact issues in declaratory judgment proceedings may be tried and determined in the same manner that issues of fact are tried and determined in other civil actions. Tex. Civ. Prac. & Rem. Code Ann. § 37.007. If, upon hearing the merits of Pridgeon's declaratory judgment action, the trial court determines that the statute includes a requirement that the lien must be reasonable, the burden to prove what is reasonable will not be Pridgeon's as ETMC asserts. The burden of proof in a declaratory judgment action is on the party asserting an affirmative claim and who in the absence of evidence will be defeated. *Berthelot v. Brinkmann*, 322 S.W.3d 365, 369 (Tex. App.−Dallas 2010, pet. denied). Pridgeon, who is seeking a declaration of nonliability as to a portion of the bill, does not have the burden to prove the amount of the bill. *See McCart v. Cain*, 416 S.W.2d 463, 466 (Tex. Civ. App.−Fort Worth 1967, writ ref'd n.r.e.).

Furthermore, ETMC asserted numerous counterclaims against Pridgeon in an effort to obtain payment. A hospital attempting to recover sums owed pursuant to a hospital lien bears the burden of proving the amount owed. *See Dallas Cty. Hosp. Dist. v. Perrin*, 694 S.W.2d 257, 260 (Tex. App.−Dallas 1985, writ ref'd n.r.e.) (holding that, in case involving earlier version of hospital lien statute, hospital has burden of proving its charge was not more than a reasonable and regular rate for services billed); *see also Linnstaedter*, 226 S.W.3d at 412 (holding that the Texas Property Code allows reimbursement of a reasonable and regular rate). Whether there is, or is not, a requirement that the amount owed is reasonable, in the absence of proof of the amount owed, ETMC cannot recover.

8

We note that ETMC does not argue that, if a justiciable controversy exists, the requested declaratory judgment will not resolve it. ETMC's counterclaims for conversion and for money had and received are based on its lien, and it requested an award of the entire amount of its bill. A determination of the correct interpretation and application of the hospital lien statute will resolve the parties' dispute about how to determine the amount owed. *See Allstate Indem. Co.*, 437 S.W.3d at 575-76. Specifically, Pridgeon will know if she is responsible for the full amount of the hospital bill. We conclude that Pridgeon met her burden to show that the controversy would be resolved by the declarations sought. *See Dolcefino*, 540 S.W.3d at 201.

## Affirmative Defenses

ETMC also asserts that its motion to dismiss should have been granted because it established affirmative defenses to Pridgeon's claim. Again relying on the language in Pridgeon's pleading asking the court to find that the amount of the lien exceeds the reasonable and regular rate for the services provided, ETMC argues that is the "claim" that must be considered in determining whether it has established a defense to Pridgeon's claim.

ETMC argues that it established the defense of quasi-estoppel because Pridgeon's use of the full amount of the hospital bill in her negotiations with the third-party tortfeasor is inconsistent with her assertion in her declaratory judgment action that the bill was not reasonable and regular. Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 778 (Tex. 2017).

ETMC also asserts that it established the defense of estoppel by contract because Pridgeon contractually assigned all money due to her pursuant to the settlement up to the total amount of her ETMC account. The doctrine of estoppel by contract provides that a party is bound by the terms of his contract until it is set aside by fraud, accident, or mistake. *Royalco Oil & Gas Corp. v. Stockhome Trading Corp.*, 361 S.W.3d 725, 732 (Tex. App.−Fort Worth 2012, no pet.).

ETMC's reliance on these affirmative defenses is misplaced. ETMC would have been entitled to dismissal of Pridgeon's declaratory judgment suit if ETMC established a valid defense to her claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d). As explained above, Pridgeon's claim in this case is a request for construction of the hospital lien statute. Neither quasi-estoppel nor estoppel by contract address whether there is a justiciable controversy or whether it

will be resolved by the declaratory judgment suit. The defenses ETMC asserts address the amount of the hospital lien, a question not at issue here.

**Conclusion**

Because filing the hospital lien is an exercise of free speech and Pridgeon's declaratory judgment suit was a response to the lien, the TCPA applies. However, Pridgeon's suit is exempt from the TCPA's dismissal provisions due to application of the statute's bodily injury and commercial speech exemptions. Additionally, Pridgeon avoids dismissal because she met her burden to prove her prima facie case, and ETMC did not raise any viable affirmative defenses to Pridgeon's declaratory judgment suit. We overrule ETMC's sole issue.

## DISPOSITION

Having overruled ETMC's sole issue, we *affirm* the trial court's denial by operation of law of ETMC's motion to dismiss pursuant to the TCPA.

BRIAN HOYLE
Justice

Opinion delivered February 14, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 14, 2019**

**NO. 12-18-00083-CV**

**ETX SUCCESSOR TYLER F/K/A EAST TEXAS MEDICAL CENTER,**
Appellant
V.
**TERRIE PRIDGEON (AS GUARDIAN OF THE PERSON AND THE ESTATE OF JASON C. DUBOSE),**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CV-00752-17-11)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the denial by operation of law of Appellant **ETX SUCCESSOR TYLER F/K/A EAST TEXAS MEDICAL CENTER'S** motion to dismiss.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's denial by operation of law **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **ETX SUCCESSOR TYLER F/K/A EAST TEXAS MEDICAL CENTER**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*