# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00491-CV

**AKOE, LLC, Appellant**

**v.**

**RJ Machine Inc., Appellee**

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 49087, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

AKOE, LLC, appeals the district court's partial denial of its motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.[1] For the reasons stated herein, we affirm in part, reverse and render in part, and remand.

## BACKGROUND

AKOE purchased an airplane (the Hawker) from RJ Machine. The sale was negotiated between AKOE's owner, Derrek Drury, and the president of RJ Machine, Gary Martin. AKOE hired Baker Aviation, LLC, to repair, maintain, and inspect the Hawker. Months

---

[1] The TCPA was amended in the 2019 legislative session, but those amendments do not apply to this lawsuit, which was filed before the amendments' effective date. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687 (amendments to TCPA apply "only to an action filed on or after" September 1, 2019). Accordingly, this opinion cites to the version of the statute in effect before September 1, 2019.

after purchasing the plane, AKOE traded the Hawker plus $400,000 to RJ Machine for a Lear 60. RJ Machine delivered the Lear to AKOE on May 15, 2018, and on June 13, the parties executed an Aircraft Purchase Agreement (Purchase Agreement), which contained an "as-is" clause, provided that the aircraft would be sold without a preclosing inspection, and provided that AKOE would not disclose the terms of the Purchase Agreement. The transaction closed on July 9, 2018, and AKOE began using the Lear. AKOE continued to use Baker for repairs, maintenance, and inspection of the Lear. As a result, AKOE and Baker discussed issues related to the condition of the Lear.

In September 2018, AKOE asked Baker to put the Lear on its Federal Aviation Administration 135 Certificate to allow Baker to offer AKOE on-demand charter flight services. In order to do that, Baker had to perform a conformity inspection of the Lear. Upon performing that inspection, Baker discovered repair and maintenance issues with the Lear, some of which raised concerns over its airworthiness. At AKOE's request, Baker provided AKOE with a discrepancy report reflecting the issues Baker discovered. Baker also began addressing the issues and provided updates to AKOE regarding its progress.

AKOE was not able to use the Lear until the issues with it were addressed. In October 2018, AKOE decided to sell the Lear and shop for a larger aircraft. After receiving an offer to buy the Lear for $450,000, AKOE decided to stop putting money into the Lear and also considered litigation against RJ Machine.

In November, Diamondback Industries, Inc., which Drury owns, sued Martin, RJ Machine, and several other parties in federal court in the Northern District of Texas[2] for trade secret misappropriation, various fraud claims, breach of contract, tortious interference with prospective business relations, and violation of the Computer Fraud and Abuse Act. The federal complaint alleged that Martin and entities related to him induced Diamondback to share confidential information and trade secrets by pretending to be interested in acquiring Diamondback. The federal complaint stated, as part of the summary of background facts, that Martin "built further on the trusting relationship he had developed with Drury by convincing Drury to purchase a plane that was not airworthy." The parties agree that the plane mentioned in the federal suit refers to the Lear and they further agree that no cause of action in that suit related to the Lear.

In December 2018, AKOE's president sent an email proposing that Martin reimburse AKOE for certain costs related to the Lear based on maintenance items identified in Baker's conformity inspection. Neither Martin nor RJ Machine provided any reimbursement.

On February 1, 2019, RJ Machine sued AKOE and Baker, asserting claims against AKOE for breach of the Purchase Agreement, conspiring to tortuously interfere with the Purchase Agreement, and seeking declarations that the Purchase Agreement "is valid and enforceable," that "RJ Machine is under no obligation" to repair "or cover the cost of any maintenance" of the Lear, and that "RJ Machine owes no obligations to [AKOE] based on [AKOE's] demands regarding" the Lear.

---

[2] At some point, Diamondback dismissed its claims against Martin and RJ Machine in that suit, but refiled them on February 3, 2019, in the Western District of Texas, including the statement that Martin convinced Drury to purchase a plane that was not airworthy.

AKOE sold the Lear on February 28, 2019, for $425,000. Before that sale closed, AKOE purchased a Citation X from Baker and hired Baker to manage that plane as well.

In April 2019, AKOE moved to dismiss RJ Machine's claims under the TCPA, asserting that RJ Machine's claims are a legal action based on, related to, or in response to AKOE's exercise of the right of free speech or right of association. *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). The district court allowed RJ Machine to conduct limited discovery. *See id.* § 27.006(b). RJ Machine argued in the district court that Baker may have emphasized the discrepancies it identified with the Lear because it was trying to encourage AKOE to purchase the Citation from Baker. RJ Machine further argued that AKOE's view of the Lear soured, at least in part, based on the federal litigation between Drury and RJ Machine, and that Drury therefore decided he would rather AKOE purchase the Citation from Baker than continue to maintain the Lear.

Following a hearing, the district court granted the motion to dismiss in part, but denied the motion with respect to RJ Machine's claims for breach of contract and declaratory relief on the ground that those claims were not based on or related to a protected right under the TCPA. AKOE appeals the denial of the motion as to the claims for breach of the Purchase Agreement and declaratory relief.

## ANALYSIS

On appeal, AKOE asserts that the district court erred in denying its motion to dismiss because (1) the TCPA applies to RJ Machine's claims based on the right to free speech and right of association, (2) RJ Machine failed to establish a prima facie case for each essential element of its claims, (3) AKOE established a valid defense to RJ Machine's claims, (4) the

4

district court erred in overruling AKOE's evidentiary objections, and (5) the district court erred in not awarding fees, costs and sanctions to AKOE.

Generally, "[r]eviewing a TCPA motion to dismiss requires a three-step analysis." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). As a threshold matter, the moving party must show by a preponderance of the evidence that the TCPA properly applies to the legal action against it. Tex. Civ. Prac. & Rem. Code § 27.005(b); *see In re Lipsky*, 460 S.W.3d 579, 586-87 (Tex. 2015) (orig. proceeding) (stating the movant must show by a preponderance of the evidence that the nonmovant's claim is based on, relates to, or is in response to the movants exercise of the right of free speech, the right to petition, or the right of association). If the moving party meets that burden, the nonmoving party must establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c). "In determining whether a legal action should be dismissed under [the TCPA], the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). Collectively, these elements require that the "plaintiff must provide enough detail to show the factual basis for its claim." *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam). If the nonmoving party satisfies that requirement, the burden shifts back to the moving party to prove each essential element of any valid defense by a preponderance of the evidence. Tex. Civ. Prac. & Rem. Code § 27.005(d). We review de novo whether each party carried its assigned burden. *Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.— Austin 2017, no pet.).

**The TCPA's Applicability**

AKOE argues the TCPA applies to RJ Machine's claims for breach of contract and for declaratory relief because the claims implicate AKOE's right of association and right of free speech. In analyzing whether the TCPA applies, we are mindful that "[t]he basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

### *Breach of Contract*

RJ Machine's petition alleges that, despite contractually agreeing "not to perform any Inspection" of the aircraft, AKOE asked Baker to inspect the Lear before AKOE's purchase of the Lear closed.[3] The petition further asserts that AKOE later asked Baker to re-inspect the Lear and provide a discrepancy report, then "demanded" reimbursement for the issues identified in the discrepancy report, even though AKOE had "disclaim[ed] any warranties and/or guarantees and assum[ed] all risk of loss, damage, or destruction at closing." RJ Machine states that AKOE breached the confidentiality clause of the Purchase Agreement "by disclosing its terms to Baker Aviation sometime before September 2018." AKOE urges that if that communication occurred,[4] it was "between AKOE and Baker, who had joined together in deciding whether AKOE would purchase the Lear." Thus, RJ Machine's petition alleges AKOE breached: (1) the agreement not to perform "any Inspection" by having Baker perform a pre-closing inspection, (2) the "as-is" clause by proposing that RJ Machine reimburse AKOE for

---

[3] AKOE argues that Baker inspected the Lear only after closing, but we look to the allegations as they are pled in determining whether the TCPA applies. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

[4] AKOE disputes that it disclosed any aspect of the Purchase Agreement to Baker.

6

discrepancies with the Lear identified after closing, and (3) the confidentiality clause by disclosing the Purchase Agreement's terms to Baker.

For these alleged breaches to have implicated AKOE's "exercise of the right of association," they must have been based on "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Tex. Civ. Prac. & Rem. Code § 27.001(2). The TCPA provides that "'[c]ommunication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). AKOE asserts that RJ Machine's claims implicate their exercise of the right of association as defined by the TCPA because RJ Machine's claims depend on communications made between AKOE and Baker. *See Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 204-06 (Tex. App.—Austin 2017, pet. dism'd) (holding that employer's allegation that former employees disclosed trade secrets to competing company related to defendants' right of association).

RJ Machine does not dispute that its breach of contract claims are based on "communications" as defined by the TCPA. However, RJ Machine argues that by signing the Purchase Agreement, AKOE "contractually restricted" its protected rights under the TCPA, such that AKOE "cannot show that RJ Machine's legal action for breach of the confidentiality provision of the Aircraft Purchase Agreement is 'factually predicated upon' Akoe's right to free speech or association." In support of this argument, RJ Machine relies on *Lona Hills Ranch, LLC v. Creative Oil & Gas Operating, LLC*, in which this Court held that a lessor plaintiff "failed to meet its burden to 'show[] by a preponderance of the evidence that the legal action is based on, relates to, or is in response to' [its] 'exercise of the right to petition'" because the lessor executed a lease by which it "agreed to a notice provision limiting its right to petition."

7

549 S.W.3d 839, 848 (Tex. App.—Austin 2018), *rev'd in part on other grounds Creative Oil &*

*Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137-38 (Tex. 2019) (declining to consider

whether the lessor contracted away its right to petition because the lessor did not timely file a

cross petition to challenge this ruling). In other words, "the lease remove[d] the Ranch's

petitioning from the realm of protected activity." *Id.*

RJ Machine invites this Court to extend our holding in *Lona Hills* to the facts of

this case and declare that the communications resulting in AKOE's alleged breaches of the

Purchase Agreement are not protected by the TCPA because AKOE limited its right of free

speech and right of association by agreeing to the terms of the lease. By that rationale, any

communication resulting in a breach of contract would not be subject to the protections of the

TCPA because the right to make those communications was "contracted away." But this Court

has held that communications that result in breaches of contract are protected by and subject to

dismissal under the TCPA where they implicate the right of free speech and right of association.

*See Rose v. Scientific Mach. & Welding, Inc.*, No. 03-18-00721-CV, 2019 Tex. App. LEXIS

5232, at *7-9 (Tex. App.—Austin June 25, 2019, no pet.) (mem. op.) (TCPA applied to breach of

contract claim, which related to defendant's exercise of the right of association); *Kinney v. BCG*

*Atty. Search, Inc.*, No. 03-12-00579-CV, 2014 Tex. App. LEXIS 3998, at *14-21 (Tex. App.—

Austin, Apr. 11, 2014, pet. denied) (mem. op.) (determining that a breach of contract claim was

subject to TCPA's protection of the right of free speech). We decline to hold that AKOE

contractually removed its alleged communications from the realm of TCPA protection of the

right of association. *See Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV,

2018 Tex. App. LEXIS 4653, at *14 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet.

denied) (mem. op.) (noting that "there is no exemption to the TCPA that entirely exempts

8

[contractually protected] subject matter"). Accordingly, we conclude that the TCPA applies to RJ Machine's claim for breach of the Purchase Agreement. Because of our determination that the TCPA applies based on AKOE's exercise of the right of association, we do not consider whether it applies based on AKOE's exercise of the right of free speech. *See Elite Auto*, 520 S.W.3d at 205; *see also* Tex. R. App. P. 47.1.

### *Declaratory Relief*

RJ Machine seeks declarations that (1) the Purchase Agreement "is valid and enforceable," (2) "RJ Machine is under no obligation" to repair "or cover the cost of any maintenance" of the Lear, and (3) "RJ Machine owes no obligations to [AKOE] based on [AKOE's] demands regarding" the Lear. The "demand" to which RJ Machine refers is the email sent by AKOE in December 2018 proposing that Martin reimburse AKOE for certain costs related to the Lear based on maintenance items identified in Baker's conformity inspection.

AKOE has not met its burden to show that the first two declarations sought by RJ Machine relate to AKOE's exercise of the right of free speech or association. These two declarations do not relate to any communication by AKOE, but instead seek to determine RJ Machine's obligations under the contract, based solely on the language of the contract. *See Wayne Dolcefino & Dolcefino Commc'ns, LLC v. Cypress Creek EMS*, 540 S.W.3d 194, 200 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (determining TCPA did not apply where party's "pleadings sought a declaration from the trial court concerning its *own* conduct" (emphasis in original)). Accordingly, the district court correctly denied AKOE's motion to dismiss as to these two claims.

9

The third declaration, however, seeks relief predicated on alleged injury from AKOE's email, and thus, it is based on, related to, or in response to a communication. *See Serafine v. Blunt*, 466 S.W.3d 352, 372-73 (Tex. App.—Austin 2015, no pet.) (Pemberton, J., concurring) (explaining that claim "is based on, relates to, or is in response to" a protected right if the legal action "seeks relief predicated on alleged injury from some communication that can be said to fall within the TCPA's definitions of" protected expressive activities). We must therefore consider whether the communication in question is one that implicates the right of free speech or association. The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). "'Matter of public concern' includes an issue related to" "health or safety." *Id.* § 27.001(7). AKOE urges that its email involves a matter of "safety" because RJ Machine asserted that some of the discrepancies identified in the report that was attached to the email impact the airworthiness of the Lear. RJ Machine does not dispute that it seeks declarations that relate to the safety of the Lear. Indeed, RJ Machine's claims against AKOE are based on RJ Machine's objections to Drury complaining about the airworthiness of the Lear to Baker, to RJ Machine, and to others in the federal lawsuits brought by Diamondback Industries. Because RJ Machine seeks a declaration relating to a communication made in connection with a matter of safety, the TCPA applies. Because we determine that the TCPA applies based on AKOE's exercise of the right of free speech, we do not consider whether it applies based on AKOE's exercise of the right of association. *See* Tex. R. App. P. 47.1.

**Prima Facie Case**

Having determined that AKOE demonstrated that the TCPA applies to RJ Machine's claims for breach of contract and to one of its claims for declaratory relief, the burden

10

shifted to RJ Machine to establish by clear and specific evidence a prima facie case for each essential element of each of its claims. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b), (c); *Hersh*, 526 S.W.3d at 468.

### Breach of Contract

"A plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). RJ Machine identified three bases for its claim for breach of contract: (1) AKOE's breach of the agreement not to perform "any Inspection" by having Baker perform a pre-closing inspection, (2) AKOE's breach of the "as-is" clause by proposing that RJ Machine reimburse AKOE for discrepancies with the Lear identified after closing, and (3) AKOE's breach of the confidentiality clause by disclosing the Purchase Agreement's terms to Baker. For each of these alleged breaches, only the third and fourth elements of breach of contract—AKOE's performance under the contract and RJ Machine's damages—are in dispute.

Because the alleged damages are common to the alleged breaches of contract, we address those first. The TCPA requires at this stage "clear and specific evidence" of a "prima facie case" as to every essential element of each and every claim, including damages. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c). Although RJ Machine was not required at this stage of the litigation to prove the exact amount of their damages, they were required to provide "clear and specific" evidence of some damages suffered. *See Long Canyon*, 517 S.W.3d at 224 (noting that

11

trial court erred in denying motion to dismiss because plaintiffs did not specify damages caused by alleged negligence, "much less supply clear and specific evidence of those damages"). RJ Machine sought and received additional discovery and they were able to submit TCPA evidence to attempt to meet this burden. *See* Tex. Civ. Prac. & Rem. Code § 27.006(b).

RJ Machine's petition makes the following allegation regarding damages for breach of contract: "As a direct and proximate result of Akoe's breach, RJ Machine has been injured. RJ Machine therefore seeks recovery of its actual damages, as well as all remedies to which it may be entitled at law or in equity." RJ Machine argued in its response to AKOE's motion to dismiss and asserts in its brief on appeal that as a result of "Drury's false allegations" in the federal suit "Martin has faced heightened scrutiny from lenders and difficulty obtaining loans." To support its argument that it has established a prima facie case for the element of damages, RJ Machine points to its response to an interrogatory, in which it responded:

> RJ Machine has suffered and is entitled to recover compensatory damages as a result of Akoe's disclosure of the Aircraft Purchase Agreement. Included within these damages are special damages for injury to RJ Machine's credit reputation. At a minimum, RJ Machine has incurred nominal damages as a result of Akoe's breach of the Aircraft Purchase Agreement. Additionally, information responsive to this request will be the subject of expert testimony in this matter. Accordingly, any testifying expert and his/her method of calculating any and all economic and consequential damages will be designated and timely provided pursuant to the Texas Rules of Civil Procedure (TRCP) and any applicable docket control order entered in this matter. RJ Machine specifically reserves the right to supplement and/or amend this response.

RJ Machine asserts it was precluded from supplementing its discovery by AKOE's filing of the TCPA motion. Assuming that is correct, RJ Machine was not precluded from providing TCPA evidence in the form of an affidavit, which it did. RJ Machine argues that an affidavit by Martin supports its claim for damages. The affidavit states:

12

In the past few months, at least three bankers with whom I do business have expressed concern regarding the ability to loan RJ Machine or its affiliates money in light of the allegations in the federal lawsuits filed by Diamondback Industries, Inc. against me and RJ Machine, among others. . . .

Specifically, within the past two months, a private bank denied a company part-owned by RJ Machine a line of credit. Representatives for the bank referenced the federal lawsuit in the Western District of Texas as part of the reason for denial of the loan.

Assuming that RJ Machine's arguments regarding the harm to Martin are construed to refer to harm to RJ Machine, we nonetheless conclude that RJ Machine's general allegations that it has been injured or suffered damages do not describe with the requisite detail how the alleged actions resulted in damages to RJ Machine. *See In re Lipsky*, 460 S.W.3d at 593 (explaining that "general averments of direct losses and lost profits," even in specified dollar amounts, do not satisfy minimum requirements of TCPA); *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 883 (Tex. App.—Austin 2018, pet. denied) (holding that general allegations that plaintiffs had suffered a variety of damages "fail[ed] to describe with the requisite detail how the alleged actions resulted in any actual damages or injuries" and concluding that general allegations of having suffered equitable damages were also insufficient). Martin's affidavit also does not help RJ Machine meet its burden to establish prima facie evidence of damages because the affidavit does not allege damages resulting from AKOE's breach of contract but instead alleges damages resulting from a lawsuit filed by Diamondback Industries, a separate entity. AKOE is not a party to the lawsuit that Martin alleges caused RJ Machine's damages.

RJ Machine further argued in response to the TCPA motion that "Martin also faces the threat of [AKOE] again improperly seeking compensation for the Lear 60's routine maintenance costs and even the significant loss it (perhaps intentionally) suffered on the Lear

60's sale." Again, Martin is not a party to this case, but assuming this was intended to refer to RJ Machine, a possible "threat" of AKOE proposing that RJ Machine reimburse AKOE for costs to address discrepancies discovered after the sale was completed is not evidence of a damage that RJ Machine has actually incurred.

Because RJ Machine did not present clear and specific evidence of a prima facie case for every essential element of a claim for breach of contract, the district court erred in denying AKOE's motion to dismiss on this ground.

### Declaratory Relief

Under the UDJA, "[a] person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a). "A declaratory judgment is appropriate when a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Dolcefino*, 540 S.W.3d at 201. "A justiciable controversy is one in which a real and substantial controversy exists involving a genuine conflict of tangible interest and not merely a theoretical dispute." *ETX Successor Tyler v. Pridgeon*, 570 S.W.3d 392, 399 (Tex. App.—Tyler 2019, no pet.). Accordingly, to avoid dismissal, RJ Machine was required to establish a prima facie case showing that, under a written contract, there is a justiciable controversy between AKOE and RJ Machine and that the controversy will be resolved by the declarations sought.

The declaration sought by RJ Machine to which the TCPA applies is that "RJ Machine owes no obligations to [AKOE] based on [AKOE's] demands regarding" the Lear. In other words, RJ Machine argues that AKOE's proposal for RJ Machine to reimburse AKOE for

14

items identified in Baker's discrepancy report contravenes the as-is clause of the Purchase Agreement. AKOE asserts that no justiciable controversy existed when RJ Machine filed suit because:

> RJM lacks clear and specific evidencing a prima facie proof that AKOE challenged, disputed, or denied the validity or enforceability of the [Purchase Agreement] prior to RJM filing suit. The reason for this absence of evidence is that AKOE has never disputed the validity or enforceability of the [Purchase Agreement], has never sought to avoid the [Purchase Agreement], and always treated the [Purchase Agreement] as valid and enforceable, including accepting the Lear in its "as is" condition.

AKOE explains that the demand email, which AKOE calls a "settlement discussion," was emailed to a person named Kevin Trautner, an attorney in the lawsuit filed by Diamondback and whose relationship to the parties in this case has not been specified by the parties. AKOE urges that Trautner's forwarding this email to Martin did not result in a justiciable controversy between AKOE and RJ Machine. AKOE submitted an affidavit by Drury, in which he avers that he has not filed and has no intention of filing a claim against RJ Machine for any repairs or maintenance to the Lear. AKOE also states in its brief that any claim it had regarding the contract would have been a compulsory counterclaim in this suit that will be "barred by *res judicata* upon dismissal of [RJ Machine's] claims." Moreover, AKOE states if a justiciable controversy ever existed, it no longer exists because AKOE sold the Lear to a third party.

On these facts, we conclude that RJ Machine has not met its burden to establish a prima facie case that a justiciable controversy exists between the parties that will be resolved by the declaration sought. Accordingly, we determine that the district court erred in denying AKOE's motion to dismiss as to the declaration that "RJ Machine owes no obligations to [AKOE] based on [AKOE's] demands regarding" the Lear.

15

## CONCLUSION

Based on our holdings above, we affirm the district court's order denying AKOE's motion to dismiss as to RJ Machine's claims seeking declarations that (1) the Purchase Agreement "is valid and enforceable" and (2) "RJ Machine is under no obligation" to repair "or cover the cost of any maintenance" of the Lear because the TCPA does not apply to these claims. We reverse the district court's order as it relates to RJ Machine's claims for breach of contract and its claim seeking a declaration that "RJ Machine owes no obligations to [AKOE] based on [AKOE's] demands regarding" the Lear, and we render judgment dismissing those claims. We remand the case to the trial court for further proceedings consistent with this opinion.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed in Part, Reversed and Rendered in Part, Remanded

Filed:   August 26, 2020